IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Rian Helgason and Caroline Crawford, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Perry's Restaurants LTD; Perry's LLC; PBS Holdings, Inc.; and Leasing Enterprises, LTD, collectively d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.**<br><br>*Defendants.* | <u>**COLLECTIVE ACTION COMPLAINT**</u> |

Rian Helgason and Caroline Crawford, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b), file this complaint against Perry's Restaurants LTD; Perry's LLC; PBS Holdings, Inc.; Leasing Enterprises, LTD; and Christopher V. Perry (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

**I.     NATURE OF SUIT**

1.     This is a collective action brought by Plaintiffs on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b) who worked for Defendants as servers and who were paid a direct cash wage of less than $7.25 per hour.

2.     In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of

1

living.[1] The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay."' *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3. Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). The use of the tip credit results in a huge savings to employers who, by utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and can pay employees as little as $2.13 per hour plus tips.

4. Though, in utilizing the tip credit defense, the FLSA specifically sets forth two conditions that an employer[2] must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *Id*. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of

---

[1] *See Martinez v. Behring's Bearings Service, Inc*., 501 F.2d 104, 107 (5th Cir. 1974) ("[t]here can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market.")

[2] *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal*, 579 F.Supp.2d at 808) ("[d]efendants, as the employers, bear the burden of proving that they are entitled to taking tip credits."); *Whitehead v. Hidden Tavern Inc.*, 765 F. Supp. 2d 878, 881-82 (W.D. Tex. 2011) (The burden of proof is not upon plaintiffs under the circumstances of establishing a tip credit.)

the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

5.  Here, Defendants have a policy and practice of paying all their employee servers, including Plaintiffs, subminimum hourly wages under the tip credit provisions of the FLSA. However, Defendants failed to follow federal law and violated Section 203(m) – an affirmative defense – in that Defendants unlawfully (1) failed to inform Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); (2) did not allow Plaintiffs and Collective Members to retain all of their tips[3]; (3) required Plaintiffs and Collective Members to contribute a portion of their tips to an illegal tip pool; (4) required Plaintiffs and Collective Members to incur business expenses; (5) required Plaintiffs and Collective Members to perform non-tipped work *unrelated* to Plaintiffs and Collective Members' tipped occupation (i.e., "dual jobs"); and (6) required Plaintiffs and Collective Members to perform non-tipped work that, although related to Plaintiffs and Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek.

6.  Defendants' illegal practices in violation of the FLSA have resulted in a forfeiture of the "tip credit." Consequently, Defendants are liable to Plaintiffs and Collective Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

7.  Because there are other putative plaintiffs who are similarly situated to Plaintiffs

---

[3] Whenever the term "tip" is used in this Complaint, it shall carry the definition assigned to it under 29 C.F.R. § 531.52.

with regard to work performed and Defendants' compensation policies, Plaintiffs bring this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of themselves and all others similarly situated.

## II.   PARTIES

8.   Plaintiff, Rian Helgason, is an individual and resident of Texas. Plaintiff was employed by Defendants as a server within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

9.   Plaintiff, Caroline Crawford, is an individual and resident of Texas. Plaintiff was employed by Defendants as a server within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

10.   The Putative Collective Members ("Collective Members") are all individuals who worked as servers for Defendants in Texas at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage. Collective Members will "opt in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).[4]

11.   At all times hereinafter mentioned, Plaintiffs and Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce

---

[4] "Collective Members" include all individuals who file a consent to join this lawsuit.

as required by 29 U.S.C. §§ 206, 207.

12. Defendant, Perry's Restaurant, LTD, is a limited partnership formed under the laws of Texas and doing business as Perry's Steakhouse and Grille. Defendant operates a restaurant chain commonly known as Perry's Steakhouse and Grille with locations in Texas, Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Defendant can be served with process by serving its registered agent, Christopher V. Perry, at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024.

13. Defendant, Perry's LLC, is a limited liability company formed under the laws of Texas and doing business as Perry's Steakhouse and Grille. Defendant operates a restaurant chain commonly known as Perry's Steakhouse and Grille with locations in Texas, Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Defendant can be served with process by serving its registered agent, Christopher V. Perry, at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024.

14. Defendant PBS Holdings, Inc. is a corporation formed under the laws of Texas and doing business as Perry's Steakhouse and Grille. Defendant operates a restaurant chain commonly known as Perry's Steakhouse and Grille with locations in Texas, Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Defendant can be served with process by serving its registered agent, Christopher V. Perry, at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024.

15. Defendant Leasing Enterprises, LTD is a limited partnership formed under the laws of Texas and doing business as Perry's Steakhouse and Grille. Defendant operates a restaurant chain commonly known as Perry's Steakhouse and Grille with locations in Texas, Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Defendant can be served with process

by serving its registered agent, Christopher V. Perry, at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024.

16. Defendant Christopher V. Perry, an individual, is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Upon information and belief, Christopher V. Perry is the president of PBS Holdings, Inc. and Leasing Enterprises, LTD and is the sole manager of Perry's Restaurant LTD and Perry's LLC. Christopher V. Perry acts directly or indirectly in the interest of Perry's Steakhouse and Grille in relation to its employees (including Plaintiffs) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work at Perry's Steakhouse and Grille. Christopher V. Perry can be served at his residence located at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024, or wherever he may be found.

### III.   JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

18. This Court has personal jurisdiction over Defendants because Defendants are each doing business in Texas. Moreover, Defendants are each employing Texas residents, including Plaintiffs and Collective Members, to work at Defendants' restaurants located in Texas.

19. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because each Defendant is a resident of the State of Texas and at least one of the Defendant entities is deemed to reside in the Northern District of Texas, Dallas Division. Moreover, Venue is proper in Northern District of Texas because a substantial part of the events or omissions giving rise to the

claims asserted occurred in this district. Specifically, Defendants employed Plaintiffs and Collective Members to work at Defendants' restaurant known as Perry's Steakhouse and Grille ("Perry's"). Plaintiffs and Collective Members worked at various Perry's locations within the State of Texas, including within the Northern District of Texas, Dallas Division.

### IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have each, individually and jointly, been an "employer" of Plaintiffs and Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Collective Members.

22. Specifically, Defendant Christopher V. Perry, through his ownership interests in Perry's Steakhouse and Grille, control the day-to-day decisions of the restaurants by making strategic, operational and policy decisions, and exerting operational control over its employees. Moreover, Christopher V. Perry has the power to hire and fire employees, discipline employees, create and enforce employee policies, and set employee compensation. Therefore, Christopher V. Perry is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Perry's Restaurants LTD, Perry's LLC, PBS Holdings, Inc., and Leasing Enterprises, LTD have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a restaurant called Perry's Steakhouse and Grille – where Plaintiffs and Collective Members were employed to work.

24. At all relevant times, Perry's Restaurants LTD, Perry's LLC, PBS Holdings, Inc.,

and Leasing Enterprises, LTD have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all relevant times, Plaintiffs and Collective Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendants who were all engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of their employment, Plaintiffs and Collective Members handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, Plaintiffs and Collective Members regularly served customers dining at Defendants' restaurants who were traveling from out-of-state or across interstate lines. Finally, Plaintiffs and Collective Members regularly and frequently processed multiple interstate credit card transactions during every shift they worked.

## V.   FACTS

26. From approximately November of 2017 until March 1, 2020, Defendants employed Plaintiff Rian Helgason to work as a server, during which time she worked at three (3) of Defendants' restaurant locations. During her employment, Defendants paid Plaintiff Helgason a subminimum hourly wage of $2.13 per hour plus tips.

27. Since approximately September of 2017, Plaintiff Caroline Crawford has been

employed by Defendants to work as a server, during which time she worked at two (2) of Defendants' restaurant locations. During her employment, Defendants paid Plaintiff Crawford a subminimum hourly wage of $2.13 per hour plus tips.

28. Defendants employed Plaintiffs and other individuals as servers ("Collective Members") within the three (3) year period preceding the filing of this lawsuit and paid them all a subminimum wage per hour prior to accounting for the receipt of earned tips.

29. At all times relevant, Plaintiffs and Collective Members were Defendants' "employees" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

30. As part of the payment scheme that Defendants used to compensate Plaintiffs and Collective Members, Defendants paid Plaintiffs and Collective Members a subminimum hourly wage while purportedly utilizing the tip credit as a defense to Defendants' obligation to pay the full minimum wage. The use of the tip credit results in huge savings to Defendants because Defendants compensate Plaintiffs and Collective Members at the significantly reduced hourly wage of $2.13 – requiring customers to bear the large burden of compensating Plaintiffs and Collective Members in the form of tips coming directly from customers in the form of tips.

31. Defendants imposed a tip credit upon all their tipped employees, including Plaintiff and the Collective Members.

32. For instance, during the three-year period preceding the filing of this lawsuit, Defendants employed Plaintiffs as servers and paid them $2.13 per hour prior to accounting for the receipt of earned tips. Defendants then purported to rely on the tips Plaintiffs earned by applying at least a $5.12 per hour to bring Plaintiffs' effective rate of pay, with tips included, up to the required minimum wage of $7.25.

33.     In utilizing the tip credit defense, the FLSA specifically sets forth each of the conditions that the employer must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all of their tips, except those tips included in a lawfully administered tip pool. *See* 29 U.S.C. § 203(m).

34.     Plaintiffs and Class Members have been victimized by Defendants' payment scheme that violates the FLSA. Specifically, Defendants violated Section 203(m), an affirmative defense, by (1) failed to inform Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); (2) did not allow Plaintiffs and Collective Members to retain all of their tips; (3) required Plaintiffs and Collective Members to contribute a portion of their tips to an illegal tip pool; (4) required Plaintiffs and Collective Members to incur business expenses; (5) required Plaintiffs and Collective Members to perform non-tipped work *unrelated* to Plaintiffs and Collective Members' tipped occupation (i.e., "dual jobs"); and (6) required Plaintiffs and Collective Members to perform non-tipped work that, although related to Plaintiffs and Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek. Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

35.     Defendants did not inform Plaintiffs and Collective Members of the provisions of the tip credit, violating *condition one* of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b). If the employer fails to adhere to the very specific requirements of the FLSA, the employer loses its right to avail itself of the tip credit. *See Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.")

36. Furthermore, Plaintiffs and Collective Members were required to contribute 4.5% of their sales from every shift to a tip pool which included bussers and food runners, even if there was no one staffed for the position.

37. In addition, Defendants retain portions of Plaintiffs and Collective Members' tips, including tips that Plaintiffs and Collective Members contribute to the tip pool. For instance, though a portion of the tips that Plaintiffs and Collective Members contribute to the tip pool are purportedly earmarked for the busser, the busser does not receive these tips. Instead, Defendants pay the bussers are a flat hourly wage, regardless of the amount of tips Plaintiffs and Collective Members contributed to the tip pool.

38. Defendants' pattern and practice of retaining tips from the tip pool for vacant positions results in Defendants' forfeiture of the tip credit. *See Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1356 n.3 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(m)) ("[i]f tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.'"); *See also* 29 U.S.C. § 203(m)(2)(B) ("[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.")

39. Because Defendants required Plaintiffs and Collective Members' to share tips with vacant positions, Defendants failed to adhere to *condition two* of 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206. Therefore, Defendants are disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

40. In addition, while utilizing the tip credit, Defendants required Plaintiffs and Collective Members to pay for various business expenses including check presenters, pens, wine

11

keys, uniforms, such as vests, shirts, and aprons, pepper mills, and crumbers.

keys, uniforms, such as vests, shirts, and aprons, pepper mills, and crumbers.

41. Defendants' pattern and practice of requiring Plaintiffs and Collective Members to incur these business expenses violates federal law as such is a retention of tips and further violates *condition two* of 29 U.S.C. § 203(m). *See e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is impermissible if the deduction drops cuts into the statutory minimum wage); *Reich v. Priba Corp.*, 890 F. Supp. 586, 596 (N.D. Tex. 1995) ("[t]he FLSA does not permit an employer to transfer to its employees the responsibility for the expense of carrying on an enterprise."); 29 C.F.R. 531.3(d)(1), (2); 29 C.F.R. 531.32(c); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554-55 (6th Cir. 1999); *see also Herman v. Collis Foods, Inc.*, 176 F.3d 912, 918 (1999) (recognizing "the FLSA's policy of preventing employers from exploiting § 203(m) deductions for profit.").

42. Defendants further violated the FLSA by enforcing a policy or practice of paying Plaintiffs and Collective Members a subminimum hourly wage even when they required Plaintiffs and Collective Members to perform non-tipped work that was *unrelated* to their tipped occupation (i.e., "dual jobs").

43. For example, Defendants regularly and frequently required Plaintiff and Collective Members to perform a number of non-tipped duties *unrelated* to their tipped occupations as servers, including but not limited to: polishing glasses, silverware, and plates; cleaning windows; setting up and taking down patio furniture; assisting in kitchen preparation and food preparation; setting up cocktail lounge; and setting up the bread stations.

44. Defendants paid Plaintiffs and Collective Members subminimum hourly wages for all hours Plaintiffs and Collective Members worked for Defendants, including for their time spent

performing duties that are *unrelated* to Plaintiff and the Collective Members' tipped occupations.

45. In addition to performing duties *unrelated* to their jobs as servers, Defendants also regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties related to their tipped occupation, including but not limited to: wiping down tables, stocking and setting tables, running food, rolling silverware and other "side-work." These nontipped duties related to Plaintiff and Collective Members' tipped occupation exceeded twenty percent (20%) of their time worked during each workweek.

46. Finally, Defendants' method of paying Plaintiffs and Collective Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

47. Defendants' method of paying Plaintiffs and Collective Members in violation of the FLSA was willful and was not based on good-faith or reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

48. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as was used to compensate Plaintiffs. Because there are other putative plaintiffs who are similarly situated to Plaintiffs with regard to work performed and Defendants' compensation policies, Plaintiffs bring this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated

## VI. COLLECTIVE ACTION ALLEGATIONS

49. The foregoing paragraphs are fully incorporated herein.

50. Plaintiff brings this FLSA claim as an "opt-in" collective action pursuant to 29

U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiffs, Plaintiffs brings this action as a representative of all similarly situated former and current employees of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All individuals who worked as servers for Defendants in Texas at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage.**

51. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

52. Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiffs are aware of other employees at who were paid in the same unlawful manner as Plaintiffs. Plaintiffs are aware that the illegal practices or policies of Defendants have been uniformly imposed on other servers who worked for Defendants. Specifically, Plaintiffs are aware of other servers who were required to pay for business expenses and who contributed tips to the same tip pool in which Defendants illegal retained a portion of the tips.

53. Plaintiffs and Collective Members have the same pay structure, have the same job duties, were required to participate in the tip pool from which a portion of the tips were distributed to ineligible participants, were required to pay for non-203(m) items, and were required to perform non-tipped duties while being paid at the subminimum "tipped wage." Plaintiffs and Collective Members are all victims of Defendants' unlawful compensation scheme.

54. Plaintiffs and the Collective Members are all non-exempt for purposes of minimum wage payments under the FLSA.

55. Defendants' failure to pay minimum wage pursuant to the FLSA results from

generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members. Plaintiffs' experiences regarding pay is typical of the experiences of the Collective Members.

56. Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The Collective Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of illegal conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiffs and Collective Members.

### VII. CAUSE OF ACTION NO. 1: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

57. The foregoing paragraphs are fully incorporated herein.

58. Defendants' failure to pay Plaintiffs and Collective Members at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

59. During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiffs and Collective Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

60. Defendants failed to pay Plaintiffs and Collective Members the full minimum wage according to the provisions of the FLSA for each hour and workweek that Plaintiffs and Collective Members worked for Defendants during the statutory time period in violation of 29 U.S.C. § 206(a).

61. In addition, to the extent Defendants intend to rely on the "tip credit" as an affirmative defense to the payment of minimum wage, Defendants have violated the tip credit

15

because Defendants: (1) failed to inform Plaintiffs and Collective Members of the tip credit provisions; (2) failed to allow Plaintiff and Class Members to retain all of their tips; (3) required Plaintiffs and Collective Members to contribute tips to an illegal tip pool; (4) required Plaintiffs and Collective Members to incur business expenses; and (5) required Plaintiffs and Collective Members to perform non-tipped work *unrelated* to Plaintiffs and Collective Members' tipped occupation; and (6) required Plaintiffs and Collective Members to perform non-tipped work that, although related to Plaintiffs and Collective Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek.

62. Defendants' illegal practices in violation of the FLSA have resulted in Defendants' forfeiture of the tip credit, and therefore, Defendants' are precluded from relying on tips to supplement Plaintiffs and Collective Members subminimum hourly rate. Consequently, Defendants are liable to Plaintiffs and the Collective Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

63. At all times relevant, Defendants compensated Plaintiffs and Collective Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiffs, or Collective Members.

64. Because there are other putative plaintiffs who are similarly situated to Plaintiffs with regard to work performed and Defendants' compensation policies, Plaintiffs bring this lawsuit as a collective action under § 216(b) of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of themselves and Collective Members.

### VIII. CAUSE OF ACTION NO. 2: UNLAWFUL KICKBACKS UNDER THE FAIR LABOR STANDARDS ACT

65. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

66. The business expenses that Defendants required Plaintiffs and Collective Members to pay for and the mandatory tip-outs that Defendants required from Plaintiffs and Collective Members constitute unlawful "kick-backs" to an employer, which is proscribed by the FLSA, 29 U.S.C. § 203(m).

67. In addition, section 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

68. The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

69. Plaintiffs and Collective Members are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

### IX. DAMAGES SOUGHT

70. The foregoing paragraphs are fully incorporated herein.

71. Plaintiffs and Collective Members are entitled to recover compensation for every hour worked at the federally mandated minimum wage rate of $7.25 per hour plus an equal amount as liquidated damages.

72. Plaintiffs and Collective Members are entitled to reimbursement of all misappropriated tips plus an equal amount as liquidated damages.

73. Plaintiffs and Collective Members are entitled to all their misappropriated funds, including repayment of all expenses Defendants required Plaintiffs and Collective Members' to incur plus an equal amount as liquidated damages.

74. Plaintiffs and Collective Members are entitled to an amount equal to all unpaid wages found due (including all of their misappropriated tips and unlawful expenses incurred) as liquidated damages because Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

75. Plaintiffs and Collective Members are entitled to recover damages for the past three (3) years because Defendants violations were willful.

76. Plaintiffs and Collective Members are entitled to recover their attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## X.   JURY DEMAND

77. Plaintiffs and Collective Members demand a trial by jury.

## XI.   PRAYER

78. Plaintiffs and Collective Members pray for judgment against Defendants, jointly and severally, as follows:

   a. For an order pursuant to Section 216 of the FLSA finding Defendants liable for unpaid wages (including all misappropriated tips and all unlawful expenses incurred) due to Plaintiffs (and those who join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated tips and paid business expenses) due to Plaintiffs (and those who join in the suit);

   b. For an order awarding Plaintiffs (and those who join in the suit) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   c. For an order awarding Plaintiffs (and those who join in the suit) all attorneys' fees incurred;

   d. For an order awarding Plaintiffs (and those who join in the suit) all costs and expenses incurred in pursuing this action; and

    e. For an order granting any such other and further relief as this Court deems just and appropriate.

                    Respectfully submitted,

By: */s/ Drew N. Herrmann*
       Drew N. Herrmann
       Texas Bar No. 24086523
       *drew@herrmannlaw.com*
       Pamela G. Herrmann
       Texas Bar No. 24104030
       *pamela@herrmannlaw.com*

       **HERRMANN LAW, PLLC**
       801 Cherry St., Suite 2365
       Fort Worth, TX 76102
       Phone: 817-479-9229
       Fax: 817-887-1878
       ATTORNEYS FOR PLAINTIFFS
       AND COLLECTIVE MEMBERS