IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIAN HELGASON and CAROLINE CRAWFORD, individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)<br><br>*Plaintiff,*<br><br>v.<br><br>PERRY'S RESTAURANTS LTD; PERRY'S LLC; PBS HOLDINGS, INC.; AND LEASING ENTERPRISES, LTD, COLLECTIVELY D/B/A PERRY'S STEAKHOUSE AND GRILLE; AND CHRISTOPHER V. PERRY, INDIVIDUALLY.<br><br>*Defendants.* | No. 3:20-cv-01573-E<br><br>**JOINT STATUS REPORT** |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Status Report Order [Doc 13], counsel for Plaintiffs and for Defendant Perry's Restaurants, Ltd.[1] conferred on July 28, 2020, and file this joint status report.

### I.   DESCRIPTION OF CASE

Plaintiffs filed this action under the Fair labor Standards Act, 29 U.S.C. § 201, *et seq* ("FLSA") against Defendants alleging that Defendants violated the FLSA's minimum wage and tip credit provisions. *See* 29 U.S.C. §§ 203(m), 206. In addition to the individual claims of the

---

[1] Plaintiffs voluntarily submitted to the Court a FED.R.CIV.P. 41(a) notice of non-suit without prejudice as to the other Defendants, *see* Dkt. No. 7, and they are not currently parties to this case at this point.

1

named Plaintiffs, Plaintiffs also bring the claims on behalf of all others similarly situated under Section 216(b) of the FLSA. Plaintiffs anticipate filing a motion for conditional certification asking the Court to conditionally certify a putative class and authorize Plaintiffs' counsel to transmit notice of this action to the putative class.

## II.  PLAINTIFFS' OPPOSED REQUEST FOR TWO PHASES

Because Plaintiffs will seek to conditionally certify this case as a putative collective action under the FLSA, Plaintiffs request that the Court allow the case to proceed in two (2) phases and stay entering a scheduling order until after the issue of conditional certification is resolved. Without knowing whether this case will be conditionally certified, the size of this matter is unknown, and the amount of time necessary to complete discovery and prepare this case for trial is unknown. Therefore, Plaintiffs respectfully request the Court to allow the case to proceed in two (2) phases.

Defendant opposes such a request because it contends that the case can proceed without artificial boundaries delaying pre-trial matters, compounded by artificially abridged pre-trial discovery.

Plaintiffs' proposed "Phase" structure is as follows:

1. **PHASE ONE**

**PLAINTIFFS' PROPOSAL**:  Phase One would be limited to issues of conditional certification and issuing notice to the putative class. On or before August 28, 2020, assuming no issues needing court intervention arise, Plaintiffs anticipate filing a Motion asking this Court to conditionally certify this action and authorize counsel for Plaintiffs to transmit notice to the putative class of their right to sign a consent to join this action. During Phase One, the parties will engage only in discovery as ordered by this Court, if any.

**DEFENDANT'S RESPONSE**:  Plaintiffs' counsel has already submitted to the Court the consents to participate of approximately 15 opt in claimants.  *See, e.g.,* **Dkt. Nos. 8, 9, 10 and 14.**  Defendant wishes to be able to conduct discovery as to these participants following entry of the Scheduling Order, in part to be able to demonstrate whether one or more of the claimants are or are not suitable class representatives for collective action purposes.

**PLAINTIFFS' REPLY**: Defendant (i.e. employer) is already in possession and/or control of the overwhelming majority of discovery materials, including all information concerning the Named Plaintiffs and opt-in plaintiffs, therefore is able to "demonstrate whether one or more of the claimants are or are not suitable for class representatives." Furthermore, a more intensive factual inquiry into whether plaintiffs are similarly situated is conducted during the second stage, which is after the court conditionally certifies a class, authorizes notice, and after issuing notice other similarly situated individuals have opted-in.[2]

If Defendant believes that Plaintiffs are not similarly situated or "suitable class representative", such issues are more appropriately addressed through a response to Plaintiffs' Motion to Conditional Certification, rather than opposing phased discovery. Unless, Defendant's sole purpose for opposing phased discovery is to engage in broad discovery, including discovery into the merits of the parties' substantive claims and defenses, which is not relevant to conditional certification (at the first stage—the notice stage). Defendants will have an opportunity to complete full merits discovery after conditional certification and will have ample opportunity to move for decertification at a later time if necessary when discovery has fully progressed.

**DEFENDANT'S FURTHER REPLY**: Plaintiff's cited case law simply points to the stage in which the *Court* undergoes a detailed analysis of whether the plaintiffs are sufficiently similarly situated to maintain the class, and does not assert that pre-certification discovery is untimely. The proper timing of the Court's evidentiary analysis does not dictate the timing by which the Defendant may gather evidence.

---

[2] "The second stage of the two-step approach found in *Lusardi* is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Abdelmajid*, 2015 U.S. Dist. LEXIS 190166, at *5 (E.D. Tex. 2015) (Schroeder III J.); *See also Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 864 n.2 (S.D. Tex. 2012) (citing *Lemus v. Burnham Painting and Drywall Corp.*, 2007 U.S. Dist. LEXIS 46785, 2007 WL 1875539, at *5 (D. Nev. June 25, 2007) ("detailed analysis of whether the plaintiffs are sufficiently similarly situated to maintain the class are more appropriately decided after notice has been given, the deadline to opt in has passed, and discovery has closed.").

3

2. **PHASE TWO**

**PLAINTIFF'S PROPOSAL**: If the Court conditionally certifies this action, Phase Two would begin on the date the Court sets for the close of the opt-in period. If the Court denies Plaintiffs' request for conditional certification, Phase Two would begin on the date the Court issues its denial. Allowing the parties to conduct a second scheduling conference after the issue of conditional certification is resolved and the size of the putative class is known, the parties will be in a better position to confer and report back to the Court with more specific knowledge as to the needs of this action.

Therefore, the parties request the Court's scheduling order issued as a result of this report (1) direct the Parties to confer no later than thirty (30) days after phase 2 begins, and (2) direct the parties to file a second report, no later than thirty (30) days after phase 2 begins, to further address any proposals or limitations under Federal Rule of Civil Procedure 26(f), including requested deadlines and the anticipated time needed to prepare this case for trial.

> **DEFENDANT'S RESPONSE**: In addition to the comments made above concerning the proposed "Phase One," Defendant further responds by suggesting that courts are usually able to structure a pre-trial schedule that takes into account the possibility that there might be additional claimants opting in, without bringing the case to a grinding halt in the interim. Defendant therefore sees no need to have a "second scheduling conference" as Plaintiffs suggest, nor a corresponding second Scheduling Order. To the extent the parties might want to adjust certain aspects of the schedule to accommodate unforeseen developments during the pre-trial phase of this lawsuit, the parties can work together to do so, subject to the guidelines adopted by the Court.

### III.   JOINT REPORT PURSUANT TO COURT'S REQUIREMENTS

**1.   A brief statement of the nature of the case, including the contentions of the parties;**

**a. Plaintiffs' Contentions**

Plaintiff brings this as a putative collective action on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b) to recover alleged unpaid wages, tips, liquidated

damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. 201, *et seq.* Defendant has a policy and practice of paying their servers ("Plaintiffs") a direct hourly wage that is less than minimum wage required by section 206 of the FLSA. *See* 29 U.S.C. § 206(a) (Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour).

For tipped employees, employer may, under certain circumstances, take a "tip credit" against payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m). Defendant failed to adhere to federal law and violated Section 203(m) – an affirmative defense – in that Defendant unlawfully (1) did not allow Plaintiffs and Class Members to retain all of their tips; (2) required Plaintiffs and Class Members to participate in an illegal tip pool; (3) required Plaintiffs and Class Members to incur expenses and deductions; (4) required Plaintiffs and Class Members to perform non-tipped work that was *unrelated* to Plaintiffs and Class Members' tipped occupation (i.e., "dual jobs"); and (5) required Plaintiffs and Class Members to perform non-tipped work that, although related to Plaintiffs and Class Members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek.

Defendant's illegal practices in violation of the FLSA have resulted in a forfeiture of the "tip credit." Consequently, Defendant is liable to Plaintiffs and Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA. Because there are other putative plaintiffs who are similarly situated to Plaintiffs with regard to work performed and Defendant's compensation policies, Plaintiffs bring this action as a collective action under § 216(b) of the FLSA to recover unpaid

wages, liquidated damages, attorneys' fees, and costs on behalf of themselves and all others similarly situated.

    b. **Defendant's Contentions**

Defendant denies that it has violated the FLSA in its compensation of persons who have performed work as servers. It further denies that Plaintiffs or their companion claimants are entitled to recover any lost wages, liquidated damages, attorney's fees or costs. It questions the propriety of collective action status in this case. It also questions Plaintiffs' assertion that Defendant bears the burden of proof as to any matter, other than as to the "additional component" of liquidated damages. It further questions Plaintiffs' claimed entitlement to recover attorneys' fees, without regard for whether and the extent to which, if at all, Plaintiffs may qualify as "prevailing parties."

**2.  Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed;**

The parties have no challenges to jurisdiction or venue.

**3.  Any pending motions;**

There are no currently pending motions—however, Plaintiffs will be filing a motion for conditional certification soon.

**4.  Any matters that require a conference with the Court;**

The parties do not believe there are any matters that require a conference with the Court.

**5.  Likelihood that other parties will be joined or the pleadings amended;**

Plaintiffs will be filing a motion for conditional certification asking the Court to allow Plaintiffs to transmit notice to the putative class and asking the Court to set a deadline for opt-in plaintiffs to join this action. Defendant points out to the Court that four other Defendants were originally named in this case but, as set forth in ***Dkt. No*. 7**, Plaintiffs have filed with the Court a

"notice of dismissal without prejudice" as to those other Defendants, pursuant to FED.R.CIV.P. 41(a). As a result, Perry's Restaurants, Ltd. is the only Defendant participating in the submission of this Joint Status Report. Pursuant to the parties tolling agreement, Plaintiffs may rejoin or add additional Defendants, therefore, Perry's Restaurants, Ltd. is currently the sole-defendant.

6. **A statement that counsel have read the *Dondi* opinion, 121 F.R.D. 284 (N. D. Tex. 1988) (en banc) and the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf);**

   Counsel for Plaintiffs and Counsel for Defendant have read the *Dondi* opinion.

7. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon issues;**

   Plaintiffs contend that without knowing whether this case will be conditionally certified, the size of this matter is unknown and the amount of time necessary to complete discovery is unknown. Therefore, Plaintiffs respectfully request the Court to allow the case to proceed in two (2) phases and allow the parties to file a second report addressing discovery issues and deadlines within thirty (30) days after Phase 2 begins. Defendant opposes this request for the reasons stated herein. The parties have submitted to the Court in this Status Report a proposed pre-trial schedule concerning discovery.[3] Given the number of individuals who have already opted in to this case, *see, e.g.,* **Dkt. Nos. 8, 9, 10 and 14**, Defendant wishes to proceed with discovery as to Plaintiffs and these claimants in accordance with FED.R.CIV.P. 26 for the reasons stated herein.

   As set forth above, during Phase 1 of this action, Plaintiffs seek an order that the parties engage only in discovery ordered by this Court, if any. Plaintiffs believe that Defendant's request to engage in discovery prior to conditional certification is premature and unnecessary. *See Goss v.*

---

[3] Plaintiffs only join in the submission of the proposed dates in the event the Court does not allow this case to proceed in phases.

*Tyler Traditions, Inc.*, No. 6:18-CV-423-RWS, Docket No. 21 at p 7 (E.D. Tex. 2019) ("Courts typically do not allow discovery before conditional certification.") (citing *Gallender v. Empire Fire & Marine Ins. Co.*, No. 5:05cv220-DCB-JMR, 2007 U.S. Dist. LEXIS 7127, at *5 (S.D. Miss. 2007)). Moreover, pre-certification discovery relating to the examination of the elements of the parties' substantive claims and defenses would require discovery not only from the Named Plaintiffs, but also from the potential opt-ins who have not yet opted-in. The courts determination of whether the Named Plaintiffs are similarly situated to the potential class members who have not yet opted-in would result in an incomplete determination at this stage. Defendant's request to eliminate phased discovery and obtain discovery prior to conditional certification beyond the Named Plaintiffs or into matters relating to the parties' substantive claims and defenses, would operate in a manner that would cause harm to Name Plaintiffs by heightening their burden at the notice stage. *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, at *4 (N.D. Tex. Nov. 29, 2012) ("This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage."). If the Court allows such broad discovery at the onset of the case, the briefing on conditional certification will be unnecessarily voluminous.

In light of Plaintiffs' further response concerning the status of the case and the timetable for discovery, Defendant further responds as follows. Pre-certification discovery which seeks limited information is not uncommon.[4] The Plaintiffs' burden at the notice stage is low, not non-existent. If the Plaintiffs cannot show that the putative class members were together the victims of a single decision, policy, or plan that violates the FLSA, the court should not conditionally certify

---

[4] *See Postiglione v. Crossmark, Inc.*, No. 2:11-cv-960 (E.D. Pa. Nov. 14, 2012) (allowing defendant to take 10 pre-certification depositions and discrediting plaintiffs' declarations based on actual testimony).

the class. *See Casanova v. Gold's Tex. Holdings Group, Inc.*, SA:13-CV-1161-DAE, 2014 WL 6606573, at *2 (W.D. Tex. Nov. 19, 2014). Defendant is entitled to related discovery.

**8.     Any issues related to disclosure or discovery of electronically stored information, including the form or forms (*e.g.*, TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;**

The parties agree to accept service of all documents, including discovery, in this matter via electronic mail. The parties also agree to produce all documents, including discovery, in electronic format contemporaneously with their responses to discovery.

**(a)     Use of Search Terms.** The parties agree to meet and confer about the methods they will use to search electronically stored information ("ESI").. The parties further agree that the parties will cooperate to ensure that any potentially relevant ESI in their custody or control or in the custody or control of any third-party vendors will be preserved and delivered (if ultimately responsive to any discovery requests) in the proper format and manner, as described below.

Plaintiffs request that discovery be conducted using appropriate search terms to identify information that is subject to production and to filter out ESI that is not subject to discovery. Plaintiffs also request that Defendant cooperate in the development of appropriate search methodology and criteria, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools. Defendant is opposed to these requests.

**(b)     Form of Production.** All documents to be produced will be converted to a paginated version as a PDF ("Paginated Document").

**(c)     Native Files.** The parties will produce native files (e.g. .xls or .cvs) corresponding with the documents produced when requested and reasonably available,

including spreadsheets (e.g. .xls or .cvs file types) that may be exported from Defendants' computer systems or software.

  **(d)**  **Bates Numbering.** All produced Paginated Documents will include a legible, unique page identifier ("Bates Number") electronically embossed onto each page at a location that is reasonably intended (to the extent feasible) to not obliterate, conceal, or interfere with any information from the Paginated Document. No other legend or stamp will be placed on the Paginate Document other than a confidentiality legend, redactions (consistent with any other protective orders or applicable law), and any applicable protective order that the court enters in this case.

  **(e)**  **File Naming Conventions.** Each produced Paginated Document file will be named with the beginning Bates Number—the Bates Numbers shall avoid the use of symbols or characters that cannot be included in a file name. Plaintiffs shall utilize the prefix "HELGASON" for their Paginated Documents; Defendant shall utilize the prefix "Perrys" for its Paginated Documents.

  **(f)**  **Delivery.** ESI shall be produced or transmitted electronically unless otherwise agreed to by the parties.

**9.**  **Any issues relating to claims of privilege or of protection as trial-preparation material, including whether the parties agree on a procedure to assert such claims after production (if the parties have any related agreement, they should submit a proposed joint order to the Court reflecting the agreement);**

At this time, counsel do not foresee any issues related to claims of privilege or protection regarding trial-preparation material, subject to entry of any protective order that is entered by this Court. The parties agree to provide a privilege log contemporaneously with any responses to discovery where a privilege is asserted or claimed. *See* Fed. R. Civ. P. 26(b)(5).

**10.    What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules, and what other limitations should be imposed;**

Plaintiffs respectfully request the Court allow this case to proceed in phases as set forth above in Section II. Plaintiffs state that they are unable to reasonably anticipate the discovery needs of this case, including any discovery limitations that may be necessary without first knowing the size of the putative class. For example, depending on the size of the putative class, Plaintiffs will likely request the Court to limit discovery, including depositions of opt-in Plaintiffs, to a sample of the putative class. Therefore, Plaintiffs request the Court to order the parties to confer and file a second report within thirty (30) days after Phase Two begins.

Defendant is unable to anticipate at this time whether any discovery limitations may be appropriate. As indicated above, Defendant opposes the need for duplicative Status Reports or Scheduling Orders.

**Deposition Procedures.** At this time, the parties agree that depositions shall be taken by agreement with no unilateral deposition notices. Plaintiffs request that the number of depositions shall be limited to ten (10) depositions for each side in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) (limiting depositions to no more than 10 per side). Defendant disagrees with this limitation given that the number of claimants who have opted in already exceeds 15 and, as is usually the case, depositions may be appropriate from some or all of these claimants, particularly if, for example, Plaintiffs submit numerous declarations from several claimants. Depositions shall be conducted in accordance with the requirements of the Federal Rules of Civil Procedure, together with any other requirements the Court considers appropriate.

Defendant declines Plaintiffs' request that the parties agree to limit their objections at the depositions to privilege objections and "objection, form."[5]

**Subpoena Procedures.** The parties agree that neither side will subpoena any third-party without first providing the other side at least 14 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact with the intended subpoena recipient will not be initiated and the subpoena will not be served, until such motion is decided. The parties stipulate that for purposes of these subpoena procedures, opt-in plaintiffs are not considered "third parties."

11. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);**

At this time, there are no additional orders from the Court that are necessary or which should be entered under Rule 26(c) or Rule 16(b) and (c).

12. **Proposed deadlines with specific dates that limit the time to (a) join other parties and amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2); and (e) file expert reports;**

In the event the Court does not allow this case to proceed in two phases, as requested above under Section II, the parties ask the court to enter the following deadlines:

a. Join other parties and amend pleadings:

Plaintiffs' requested deadline: Due to Plaintiffs' forthcoming motion for conditional certification and the likelihood that Plaintiffs will rejoin or add defendants to this lawsuit, Plaintiffs request that the deadline to join other parties and amend pleadings be: February 26, 2021

Defendant's requested deadline is: October 2, 2020

---

[5] In support of Plaintiffs' request, Plaintiffs rely on Fed. R. Civ. P. 30 (d) advisory committee's note (1993)("Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.) Defendant does not agree that the proposed discovery will not be succinctly handled.

    b. File motions, including summary judgment and other dispositive motions: <u>July 30, 2021</u>

    c. Complete discovery: <u>July 2, 2021.</u>

    d. Expert Designations:

<u>Defendants Request:</u> Plaintiffs' designation of Designate expert witnesses with and make the expert disclosures required by Rule 26(a)(2): <u>May 7, 2021;</u> Defendant's designation of expert witnesses with expert disclosures required by Rule 26(a)(2): <u>June 11, 2021.</u>

<u>Plaintiffs' request:</u> The party with the burden of proof on an issue shall designate its expert witnesses and make expert disclosures required by Rule 26(a)(2) on or before: <u>May 7, 2021.</u>[6] *See* Fed. R. Civ. P. 26 (Advisory Committee Notes) ("Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."). Thereafter, any rebuttal expert witnesses shall be designated along with disclosures required by Rule 26(a)(2) on or before: <u>June 4, 2021.</u>

    e. File expert reports:

Plaintiffs request that the party with the burden of proof on an issue shall file expert reports by <u>May 14, 2021</u>. Rebuttal expert reports shall be filed by <u>June 11, 2021.</u>

Defendant requests an initial deadline of <u>May 21, 2021</u>, for Plaintiffs' expert(s) reports; and a separate deadline of <u>June 25, 2021</u>, for the production of Defendant's expert reports.[7]

**13. A proposed trial date agreed to by the parties, estimated length of trial, and whether a jury has been demanded (The proposed trial date should be within fifteen months of the case being filed unless the parties demonstrate it is not feasible to try the case within that time. The Court operates a three-week docket beginning the first Tuesday of each month. Therefore, the parties should propose a trial date that corresponds with the first Tuesday of the agreed-upon month.);**

Subject to Plaintiffs' request to conduct this case in two phases (see Section II.), the parties

ask the Court to schedule a trial for the three-week docket beginning November 30, 2021.

**14. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);**

---

[6] Defendant has the burden of proof under § 203(m)—one of the primary issues in this case. *See Steele v. Leasing Enters.*, 826 F.3d 237, 242 (5th Cir. 2016) (Fifth Circuit finding that Perry's had the "burden to prove its entitlement to the tip credit." (*citing Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 189 (5th Cir. 2015))

[7] Plaintiffs note that Defendant's proposed deadline is only 1 week before the end of the discovery period.

There is no agreement to consent to trial before a United States Magistrate Judge.

15. **Progress made toward settlement, and the present status of settlement negotiations (This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.);**

The parties considered the nature and basis of their claims and defenses and the possibility for a prompt settlement or resolution of the case. The parties have tentatively determined that prior to resolving the issue of conditional certification and without the benefit of discovery, the parties are not in a position to discuss settlement meaningfully at this time.

16. **Whether mediation has taken place, and, if not, what form of alternative dispute resolution (*e.g.*, mediation, arbitration) would be most appropriate for resolving this case and when it would be most effective; and**

The parties agree that it will probably be advisable to refer the case for mediation. However, the parties request this Court to allow the parties to address the scheduling of this possible procedure following completion of a significant amount of discovery in this case.

17. **Any other matters relevant to the status and disposition of this case.**

Plaintiffs respectfully request the Court to allow this case to proceed in phases as set forth above in Section II and to allow the parties to file a second joint status report within thirty (30) days after Phase 2 begins. Defendant disagrees with this approach as described above.

DATED this 7th day of August, 2020.

                Respectfully submitted,

                By: */s/ Drew N. Herrmann*
                  Drew N. Herrmann
                  Texas Bar No. 24086523
                  *drew@herrmannlaw.com*
                  Pamela G. Herrmann
                  Texas Bar No. 24104030
                  *pamela@herrmannlaw.com*
                  **HERRMANN LAW, PLLC**
                  801 Cherry St., Suite 2365

        Fort Worth, TX 76102
        Phone: 817-479-9229
        Fax: 817-887-1878
        ATTORNEYS FOR PLAINTIFFS
        AND COLLECTIVE MEMBERS

-AND-

By: /s/ *Lionel M. Schooler*
        Lionel Schooler
        Texas Bar No. 17803300
        lschooler@jw.com
        Jackson Walker LLP
        1401 McKinney Ave., Suite 1900
        Houston, Texas 77010
        713-752-4516
        719-308-4156 (Fax)
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on August 7, 2020, a true and correct copy of the above document will be served via the Court's *CM/ECF* system.

        */s/ Drew N. Herrmann*
        Drew N. Herrmann