IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIAN HELGASON and CAROLINE CRAWFORD, § § § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. 3:20-cv-01573-S |
| vs. § | |
| § | |
| PERRY'S RESTAURANTS, LTD. § | JURY DEMANDED |
| Defendant § | |

### DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM TO NON-PARTY ADP, INC. AND FOR PROTECTIVE ORDER

Pursuant to the Federal Rules of Procedure 26 and 45, DEFENDANT PERRY'S RES-TAURANTS, LTD. ("Perry's" or "Defendant") files this *Motion to Quash Subpoena Duces Tecum to Non-Party ADP, Inc. and for Protective Order* ("Motion"), respectfully showing as follows:

### I. INTRODUCTION AND BACKGROUND

Plaintiffs are seeking an expansive array of documents from ADP, Inc. ("ADP"), through the mechanism of a FED. R. CIV. P. 45 subpoena *duces tecum* ("ADP Subpoena"). The ADP Subpoena on its face reveals that the requests seek documents wholly unrelated to Plaintiffs' individual claims or to the matters they have specifically raised that are at issue in this case. Indeed, the expansive scope of the ADP Subpoena appears to be more consistent with an attempt to engage in discovery in a collective action than in a lawsuit involving only two individual Plaintiffs, even though this Court has denied Plaintiffs' motion seeking to pursue this case as a collective action. *See* Mem. Op. and Order, filed Nov. 10, 2021, **Dkt. No. 49**.[1]

---

[1] Perry's is in fact concerned that Plaintiffs' ADP Subpoena is merely a technique to identify potential additional "opt-in recruits" for an identical lawsuit filed in the United States District Court for the Western District of Texas in January 2022 as a collective action by the same Plaintiffs' counsel, styled *Candice Paschal and Pedro Zarazua, Jr., v. Perry's Restaurants, Ltd., et al*, Civil Action No. 1:22-CV-00027-RP (W.D. Tex.) ("Paschal Lawsuit"). The Paschal Lawsuit asserts the identical allegations initially asserted in this case.

- 1 -

Plaintiffs have given notice of an intention to seek production of such documents from ADP by March 25, 2022. *See* Exhibit "A." Because the ADP Subpoena is unduly burdensome under FED. R. CIV. P. 45(d)(3)(A)(iv) and exceeds the bounds of permitted discovery under FED. R. CIV. P. 26, it should be quashed, accompanied by an order from the Court protecting ADP from compliance.

### A. THE ISSUES IN THIS CASE

1. In the wake of this Court's Memorandum Opinion and Order of November 10, 2021, **Dkt. No. 49**, this case presently involves FLSA claims solely on behalf of the two named Plaintiffs.

2. Generally speaking, for purposes of the document requests at issue, Plaintiffs' claims focus upon Perry's handling of tip pool distributions and its side work assignments to these two individuals.

### B. PRIOR DISCOVERY IN THIS CASE

1. In connection with such claims, Plaintiffs previously issued written discovery to Perry's, including document requests. Those document requests are attached as Exhibit "B."

2. As set forth in Perry's response to those discovery requests, *see* Exhibit "C," Perry's did object to the breadth of several of the document requests. In doing so, Perry's pointed out that Plaintiffs' tip pool claim focused specifically upon Perry's handling of tip pool proceeds. Perry's objected that the two Plaintiffs could only pursue such a claim during those pay periods <u>when they actually worked for Perry's as servers, particularly in</u> light of the Court's November 10 Order. *See* **Dkt. No. 49**.

3. Even so, in response to the document requests, Perry's has to date produced over 6,250 pages of documents, which are identified in the Index attached as Exhibit "D." Such documents address all of Plaintiffs' document requests pertaining to their tip pool and side work claims.

4.     For example, the documents identify the handling of tip pool proceeds for all eligible recipients for each week that either Plaintiff was employed with Perry's, at the location where either of them was specifically employed.

### C. Plaintiffs' Subpoena to ADP

1.     Plaintiffs are aware from paycheck stubs they produced in this case, and from paycheck stubs produced by Perry's, that Perry's has utilized the services of the payroll company ADP for preparation of (among other things) its payroll processing for the locations where the two Plaintiffs have worked.

2.     Plaintiffs have accordingly issued the ADP Subpoena, which contains ten requests for production:

(a)   Copies of reports identifying job codes and pay rates for Perry's hourly employees, paycheck calculations, paycheck amounts, and payroll taxes subtracted from hourly employees' wages.

(b)   Copies of employee and payroll deduction reports, logs, and any other records with automatic or manually entered deductions from employee wages. This includes Perry's employee deduction pages and reports with the following deduction codes: CCR-Cred Card Reimb, T-Tips, TSC-Tip Share Paid, TSR-TIP Share Reimb, and UNF-Uniform.

(c)   Copies of Perry's "Employee Labor Distribution Summary Reports" for all hourly employees by "Home Dept" at each of the locations identified above (see Definitions and Instruction, A.) for 2017, 2018, 2019, and 2020.

(d)   Copies of "Pay Detail Reports" for Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

(e)   Copies of W-2 and earning statements for all Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

(f)   Copies of "Timecard Detail Reports with Signature" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

    (g)    Copies of "Timecard Report with Notes with Loc and Dept" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

    (h)    Copies of "Weekly Schedule Report" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

    (i)    Copies of employee schedules, clock-in and clock-out records, timesheets, or time tracking reports for Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

    (j)    Copies of Perry's operational procedures, documented operation procedures, employee handbook(s), job descriptions, rules and regulations regarding payroll codes and compliance, time tracking, scheduling, and time and attendance procedures, and procedures regarding rules and regulations maintained by Perry's on any of ADP's software or programs, including ADP Time and Attendance Management program and ADP Workforce Now.

    3.    Under applicable Rules of Procedure, the Subpoena is overly broad, burdensome and duplicative, and should be quashed. Examples of such overbreadth abound in the Subpoena's document requests, such as where the Subpoena seeks production in several of the above requests of records pertaining all of Perry's hourly employees at the locations in question, ignoring the fact that many of these employees have nothing to do with the tip pool contributions by the two named plaintiffs, nor the tip pool distributions to the eligible recipients, nor the amount of side work performed by the two named plaintiffs, nor whether either of them was ever subject to a uniform deduction.

## II. ARGUMENT AND AUTHORITIES

### A. LEGAL STANDARD: RULE 45

    1.    Pursuant to Rule 45, a court must modify or quash a subpoena that, among other things, is unduly burdensome, and a facially overbroad subpoena is unduly burdensome. Fed. R. Civ. P. 45(d)(3); *see also Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110, 2014 WL 772859, at *2 (N.D. Tex. Feb. 27, 2014).

2. When a party seeks the disclosure of confidential commercial information through a subpoena, the party seeking discovery must show a substantial need for the information. *Id*. at *4.

3. And when a party issues a subpoena to a non-party seeking the production of documents that have already been requested from and produced by the opposing party, a court may quash such requests as cumulative. *Chaput v. Griffin*, No. 3:14-mc-131, 2014 WL 7150247, at *5 (N.D. Tex. Dec. 16, 2014) (quashing a subpoena to a non-party that sought medical records that were already produced by the defendant).

### B.  LEGAL STANDARD: RULE 26

1. Rule 26 imposes limits on the type of discovery a party can seek in prosecuting her claims. FED. R. CIV. P. 26(b)(1) recites that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, ***and whether the burden or expense of the proposed discovery outweighs its likely benefit***.

*See* FED. R. CIV. P. 26(b)(1) (emphasis added).

2. The Court is empowered by FED. R. CIV. P. 26(c)(4) to limit the scope of discovery when it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). *See* FED. R. CIV. P. 26(c)(4).

3. As the Fifth Circuit has indicated, undue burden within the context of Rules 26 and 45 requires the Court to focus upon 1) relevance of information requested; 2) the need of the party for the documents; 3) breadth of the document request; 4) time period covered by the request; 5) particularity with which the party described the requested documents; and 6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

4. Perry's contends that it has satisfied this standard and demonstrated the undue burden of compliance with the ADP Subpoena.

### C. APPLICATION OF RULES 26 AND 45 TO THE ADP SUBPOENA: SUBPOENA IS FACIALLY OVERBROAD AND BURDENSOME

1. This Court has previously reviewed the Plaintiffs' claims regarding tip pool handling, side work assignments and uniform deductions, for purposes of determining the propriety of collective action status. *See* November 10 Order, ***Dkt. No. 49***. The Court's evaluation of Plaintiffs' claims in the November 10 Order identifies the relevant facts for such claims, and the individualized nature of each claim for these two Plaintiffs. The Court can therefore appreciate the extent to which the document requests in the ADP Subpoena are completely out of proportion to the issues in this lawsuit.

2. The requests in the ADP Subpoena seek information that is irrelevant to Plaintiffs' claims. For example, Plaintiffs seek from ADP documentation identifying job codes and pay rates for Perry's hourly employees, instead of only seeking pay rates for servers and tip recipient employees. *See* Exhibit A, Request No. 1.[2]

3. Perry's further contends that the ADP Subpoena is improper in scope and seeks irrelevant documentation because it contains requests that seek exponentially greater amounts of documentation than are relevant or contemplated by Fed. R. Civ. P. 26(b).

4. Similarly, Plaintiffs have no need for these documents. Some of the requested documents have already been produced by Perry's in this case. For example, the ADP Subpoena requests copies of W-2 and earning statements for all Perry's hourly employees whose gross pay includes any mention of "tips" from 2017-2020. *See* Exhibit "A," Request No. 5. But Perry's has already produced to Plaintiffs the applicable earning statements of the tip pool recipients. The

---

[2] Such request ignores the fact that Perry's has already produced to Plaintiffs documents clearly identifying the pay rates for the two plaintiffs and for all the tip pool recipients who received a pro rata share of the tip pool during each week that either Plaintiff actually performed work as a server at a particular Perry's location.

documents specified in the ADP Subpoena requests are not necessary to prove Plaintiffs' claims. Plaintiffs were already provided with the relevant documentation by Perry's.

5.      The ADP Subpoena is cumulative because it seeks documents that have already been produced by Perry's. Rule 26(b)(2)(C)(i) instructs courts to limit discovery that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Chaput*, 2014 WL 7150247, at *5. Perry's has already produced relevant pay stubs, tip pool and tip share records, the employee handbook, and relevant W-2s. Plaintiffs' attempt to further seek these documents from a third party serves no purpose.[3] Finally, the burden imposed on both Perry's and ADP necessitates that the ADP Subpoena be quashed, particularly if ADP attempts to seek recovery of costs of compliance.

### III. CONCLUSION

For the foregoing reasons, Perry's Restaurants, Ltd. respectfully requests that the Court quash the subpoena to ADP and issue an order protecting ADP from compliance with it. Perry's further requests all other and further relief as the Court may deem appropriate.

---

[3] In light of Plaintiffs' counsel's challenges to Perry's efforts to maintain the confidentiality of documents it has received, so as to oblige Perry's to submit to the Court a motion justifying such a need that is being filed contemporaneously with this Motion, Perry's also points out to the Court its concern that Plaintiffs should not be able to evade the intent and scope of the recently entered Protective Order, **Dkt. No. 53**, by seeking such confidential information from another source that is contractually required to maintain the confidentiality of such instruments.

SIGNED this 22nd day of March, 2022.

                    Respectfully submitted,

                    **JACKSON WALKER LLP**

                    *Lionel M. Schooler*
                    LIONEL M. SCHOOLER (SBN 17803300)
                    *Attorney-in-Charge,* Federal ID: 726
                    BROOKE WILLARD (SBN 24109466)
                    1401 McKinney Ave., Suite 1900
                    Houston, Texas  77010
                    (713) 752-4516 (Direct);
                    (713) 308-4156 (Direct Fax);
                    E-mail:lschooler@jw.com; bwillard@jw.com

OF COUNSEL:
SCOTT M. MCELHANEY (SBN 00784555)
Jackson Walker LLP
2323 Ross Ave., Ste. 600
Dallas, Texas  75201
(214) 953-6147 (Direct);
(214) 660-6672 (Direct Fax)
E-mail: smcelhaney@jw.com

ATTORNEYS FOR DEFENDANT
PERRY'S RESTAURANTS, LTD.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of March, 2022, service of a true copy of the above and foregoing Motion to Quash Subpoena Duces Tecum to Non-Party ADP, Inc. and for Protective Order has been accomplished through notice of electronic filing, and also by sending a duplicate of this pleading by electronic mail to counsel for Plaintiffs at drew@herrmannlaw.com, pamela@herrmannlaw.com,

                    *Lionel M. Schooler*
                    Lionel M. Schooler