# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **Rian Helgason and Caroline Crawford,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Perry's Restaurants Ltd; Perry's LL; PBS Holdings, Inc.; and Leasing Enterprises, Ltd, collectively d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.**<br><br>*Defendant.* | No. 3:20-cv-01573-S |

### NOTICE OF INTENT TO SERVE A SUBPOENA DUCES TECUM

**To:** Defendant, Perry's Restaurants Ltd., d/b/a/ Perry's Steakhouse and Grille, through the attorney of record, Lionel M. Schooler, Jackson Walker L.L.P., 1401 McKinney Ave., Suite 1900, Houston, Texas 77010.

Please take notice that Plaintiffs, Rian Helgason and Caroline Crawford, through their attorneys of record, Drew N. Herrmann and Pamela G. Herrmann, intend to serve via a process server the attached *Subpoena Duces Tecum* on ADP, Inc. ("ADP"), through its registered agent.

This notice is provided to Defendant in advance of Plaintiffs serving the *Subpoena Duces Tecum* and the designated documents requested for production *attached as* **Exhibit A**. The responses and documents obtained from the *Subpoena Duces Tecum* may be used by Plaintiffs as evidence in this matter.

1

Respectfully submitted,

By: /s/ Drew N. Herrmann
    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com
    Pamela G. Herrmann
    Texas Bar No. 24104030
    pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: (817) 479-9229
Fax: (817) 840-5102
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I certify that on March 8, 2022 a true and correct copy of the above document, NOTICE OF INTENT TO SERVE A SUBPOENA DUCES TECUM, will be served on Defendant's counsel of record via email:

Lionel M. Schooler       *Via email:* lschooler@jw.com
**JACKSON WALKER L.L.P.**
1401 McKinney Ave., Suite 1900
Houston, Texas 77010

ATTORNEY-IN-CHARGE FOR DEFENDANT,
PERRY'S RESTAURANTS, LTD.

/s/ Drew N. Herrmann
Drew N. Herrmann

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Rian Helgason and Caroline Crawford,**<br><br>    *Plaintiffs,*<br><br>v.<br><br>**Perry's Restaurants Ltd; Perry's LL; PBS Holdings, Inc.; and Leasing Enterprises, Ltd, collectively d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.**<br><br>    *Defendant.* | No.  **3:20-cv-01573-S** |

**SUBPOENA DUCES TECUM TO ADP, INC.**

Please take notice that Plaintiffs, Rian Helgason and Caroline Crawford, through their attorneys of record, Drew N. Herrmann and Pamela G. Herrmann, 801 Cherry Street. Suite 2365, Fort Worth, Texas 76102, serve upon **ADP, Inc. ("ADP")**, the following *Subpoena Duces Tecum* with the designated documents for production (*attached as* **Exhibit A**)*,* as authorized by Federal Rule of Civil Procedure 45.

The following *Subpoena Duces Tecum* is directed to **ADP**. Pursuant to FRCP 45 (a)(A)(iii), **ADP IS COMMANDED** at the specified time, date, and place (set forth below) to produce the designated documents; electronically stored information; objects (tangible things in ADP's possession, custody, or control); and permit the inspection, copying, testing, or sampling of the materials via electronic mail to: drew@herrmannlaw.com or in person at:

1

**Place:** Herrmann Law, PLLC
801 Cherry Street, Suite 2365
Fort Worth, Texas 76102

**Date and Time:** March 25, 2022

In lieu of personal delivery, production of all documents listed on **Exhibit A** may be sent by e-mail to drew@herrmannlaw.com or mail to Herrmann Law, PLLC (Attn: Drew N. Herrmann), 801 Cherry Street, Suite 2365, Fort Worth, Texas 76102.

The following provisions of Federal Rule of Civil Procedure 45 are being provided along with this subpoena: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

As required by Federal Rule of Civil Procedure 45(a)(4), Plaintiffs have provided notice and a copy of the subpoena to each party.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: (817) 479-9229
Fax: (817) 840-5102
ATTORNEYS FOR PLAINTIFFS

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **Rian Helgason and Caroline Crawford,**  *Plaintiffs,*  v.  **Perry's Restaurants Ltd; Perry's LL; PBS Holdings, Inc.; and Leasing Enterprises, Ltd, collectively d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.**  *Defendant.* | No.  3:20-cv-01573-S |

**DESIGNATED DOCUMENTS REQUIRED FOR PRODUCTION**

**ADP, Inc. ("ADP")** is requested to produce all documents and things in your possession, custody, or control, identified below, on or before March 25, 2022, or within a time mutually agreed upon by ADP. Documents shall be produced to correspond with the categories of this request, or as they are kept in the ordinary course of business. For the documents requested, such inspection and copying shall not be required if, within the time set forth above, a true and legible copy of each of the requested documents or things has been delivered in person to Herrmann Law, PLLC, 801 Cherry Street, Suite 2365, Fort Worth, Texas 76102 or in lieu of personal delivery via email to drew@herrmannlaw.com or via overnight mail (in lieu of personal delivery) to: Herrmann Law, PLLC (Attn: Drew N. Herrmann), 801 Cherry Street, Suite 2365, Fort Worth, Texas 76102.

1

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

The full text of the definitions and rules of construction set forth below are deemed incorporated by reference into all discovery requests. The following definitions apply to all document requests:

A. "PRL" or "Perry's Restaurants, Ltd. d/b/a Perry's Steakhouse and Grille", or "Perry's" means Defendant, in the above-captioned lawsuit, and each of its employees, agents, officers, directors, representatives, consultants, including any person who served in any such capacity at any time during the Relevant Time Period specified herein.

   a. All requests shall be limited to documents pertaining to Perry's Restaurants Ltd., Employer FED ID Number: 76-0546229.

   b. All requests shall be limited and include documents pertaining to:

   (1) **Perry's Steakhouse and Grille located at 2440 Parkwood Blvd., Frisco, Texas 75034**. The following identifiers are also used for this location:

   - 21-Perry's Steakhouse & Grille-Frisco (79167),
   - 21-Perry's Frisco, Clock #21, Unit #21, or Location #21
   - Home Dept or Dept 210100, 210175, 210200, 210250, 210275, 210300 210400, 210450, 210950

   (2) **Perry's Steakhouse and Grille located at 2400 West State Highway 114, Grapevine, Texas 76051.** The following identifiers are also used for this location:

   - 24-Perry's Steakhouse & Grille-Grapevine (103012),
   - 24-Perry's Grapevine, Clock #24, Unit #24, or Location #24
   - Home Dept or Dept 240100, 240175, 240200, 240250, 240275, 240300 240400, 240450, 240950

   (3) **Steakhouse and Grille located at 2000 McKinney Ave., Suite 100 Dallas, Texas 75201.** The following identifiers are also used for this location:

   - 18-Perry's Steakhouse & Grille-Uptown,
   - 18-Perry's Uptown, Clock #18, Unit #18, or Location #18
   - Home Dept or Dept 180100, 180175, 180200, 180250, 180275, 180300 180400, 180450, 180950

   (4) **Perry's Steakhouse and Grille located at 2100 Olive Street, Dallas, Texas 75201.** The following identifiers are also used for this location:

   - 30-Perry's Steakhouse & Grille-Park District,
   - 30-Perry's Park District, Clock #30, Unit #30, or Location #30
   - Home Dept or Dept 300100, 300175, 300200, 300250, 300275, 300300 300400, 300450, 300950

**EXHIBIT A**

B.  The term "Relevant Time Period" for purposes of the requested documents for the *Subpoena Duces Tecum* is defined as the time period encompassing January 1, 2017 through December 31, 2020. Each request is limited to the Relevant Time Period unless a request specifically identifies a different period.

C.  The words "PERSON" and "PERSONS" refer to current or former employees, designated agents, natural persons or business entity, associations, joint ventures, and corporations.

D.  In instances where the word "IDENTIFY" is used with respect to individuals, it should be interpreted as requiring the person's name, last known address, and telephone number. With respect to documents and things, it should be interpreted as requiring sufficient information regarding the item so the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

E.  REFERENCE TO DOCUMENTS: In instances where the responding party chooses to answer a request for information by referring to a specific document or record, it is required that such specification be in sufficient detail to permit the requesting party to locate and identify the records, documents, or both from which the answer is to be ascertained, as readily as the party served with the request can.

F.  "Relate to," "related to," or "relating to" means consisting of, referring to, reflecting, or logically or factually connected with the matter discussed. A document or an agreement "related to" a given subject is any document or agreement identifying, showing, referring to, dealing with, evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, supporting, refuting, or pertaining to that subject, including without limitation documents referring to the presentation of other documents.

G.  Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

H.  Correspondence" or "Communication" means any transmission of thoughts, opinions, or information by speech, writing or signs, interaction, conversation, discussion, or contact recorded via email, text message, instant chat, meeting minutes, memorandums or memos, or any other mode of transmission used to communicate requests, recommendations, and personnel problems between any level of supervision and an employee or vice versa.

I.  "Material" or "Materials" shall mean all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" as used in Fed. R. Civ. P. 34(a). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

   a.  "Document" shall mean information that is fixed in a tangible medium, such as paper.

**EXHIBIT A**

(1) "Document" includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, summaries, time cards, attendance records, sign in sheets, forms used for governmental reporting.

b. "Electronically stored information" shall mean electronic information that is stored in a medium from which it can be retrieved and examined including, but is not limited to, all electronic files that are electronically stored.

(1) "Electronic file" includes, but is not limited to, voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata; exif; side-car; video formats; audio formats; photographic formats; security camera formats. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by *Sedona Conference Glossary: E-Discovery & Digital Information Management (Fifth Edition) (2020)*.

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by *Sedona Conference Glossary: E-Discovery & Digital Information Management (Fifth Edition) (2020)*.

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by *Sedona Conference Glossary: E-Discovery & Digital Information Management (Fifth Edition) (2020)*.

J. "Tangible thing" shall mean a physical object that is not a document or electronically stored information.

K. COMPUTER-BASED INFORMATION: In instances where requested information is stored only on software or other data compilations, including but not limited to electronic or magnetic data, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material. It is further requested that all metadata, exif, side car files, and other layered or attached data be included.

**EXHIBIT A**

L. <u>DOCUMENT DESTRUCTION</u>: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

M. These document requests apply to all documents in Your possession, custody, or control and/or the possession, custody, or control of directly and/or by and through Your employees, agents and/or representatives, partners, and anyone else acting on Your behalf.

N. If a document responsive to any request is no longer in Your possession, custody, or control, because it has been discarded, destroyed, or lost, or for any other reason, provide the following information regarding such document: (a) date the document was written, prepared, generated, or sent; (b) name(s) and address(es) of the author(s); (c) names and addresses of all persons receiving copies of the document; (d) subject matter of the document; (e) reason(s) document was discarded, destroyed, or is no longer in Your possession, custody or control; and (f) if discarded or destroyed, the names of those individuals who authorized or approved the decision to discard or destroy such document (if no individuals authorized or approved the decision to discard or destroy such document, indicate that no such authorization was given), the names of those individuals who discarded or destroyed such document, and the date such document was discarded or destroyed.

**EXHIBIT A**

### REQUESTS

1. Copies of reports identifying job codes and pay rates for Perry's hourly employees, paycheck calculations, paycheck amounts, and payroll taxes subtracted from hourly employees' wages.

2. Copies of employee and payroll deduction reports, logs, and any other records with automatic or manually entered deductions from employee wages. This includes Perry's employee deduction pages and reports with the following deduction codes: CCR-Cred Card Reimb, T-Tips, TSC-Tip Share Paid, TSR-TIP Share Reimb, and UNF-Uniform.

3. Copies of Perry's "Employee Labor Distribution Summary Reports" for all hourly employees by "Home Dept" at each of the locations identified above (*see* Definitions and Instruction, A.) for 2017, 2018, 2019, and 2020.

4. Copies of "Pay Detail Reports" for Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

5. Copies of W-2 and earning statements for all Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

6. Copies of "Timecard Detail Reports with Signature" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

7. Copies of "Timecard Report with Notes with Loc and Dept" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

8. Copies of "Weekly Schedule Report" for all hourly directly tipped employees ("DT") and hourly indirectly tipped employees ("IDT") for 2017, 2018, 2019, and 2020.

9. Copies of employee schedules, clock-in and clock-out records, timesheets, or time tracking reports for Perry's hourly employees whose gross pay includes one or more of the following: "Tips," "Total Gratuities," "TIP SHARE PAID," or "TIP EARN," sorted by name, job code, and pay period for 2017, 2018, 2019, and 2020.

10. Copies of Perry's operational procedures, documented operation procedures, employee handbook(s), job descriptions, rules and regulations regarding payroll codes and compliance, time tracking, scheduling, and time and attendance procedures, and procedures regarding rules and regulations maintained by Perry's on any of ADP's software or programs, including ADP Time and Attendance Management program and ADP Workforce Now.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Rian Helgason and Caroline Crawford,** *Plaintiffs,* v. **Perry's Restaurants Ltd; Perry's LL; PBS Holdings, Inc.; and Leasing Enterprises, Ltd, collectively d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.** *Defendant.* | No. 3:20-cv-01573-S |

**BUSINESS RECORDS AFFIDAVIT**

1. I, _____ am the custodian of records for ADP, Inc. ("ADP"); or I am an employee or owner of ADP and I am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.

2. Attached are _____ pages of records from ADP. These records are the original records or the exact duplicates of the original records.

3. Based on ADP's regular practices, the records were: made at or near the time of each act, event, condition, opinion, or diagnosis set forth in the records or reasonably thereafter; made by, or from information transmitted by, persons with knowledge of the matters set forth; and kept in the regular course of business or regularly conducted business activity.

4. It was the regular practice of the business to make the records.

_____
AFFIANT (Custodian of Records)

SWORN TO AND SUBSCRIBED before me on the _____ day of _____, 2022.

_____
NOTARY PULIC

My Commission Expires: _____

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).